IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
Tampa Division

TERESA JOHNSON,

    Plaintiff

vs.                                CASE NO.: 8:03-CV-1656-T-27MAP

HCR MANORCARE,

    Defendant

_____/

## REVISED CASE MANAGEMENT REPORT

1.    **Meeting of the Parties**: Pursuant to Fed. R. Civ. Pro. 26(f) and Local Rule 3.05(c)(2)(B) pr (c)(3)(A), a conference was held on **September 29, 2004** at 10:00 a.m. between: Robert E. Taylor, Jr., Esquire, attorney for Teresa Johnson and Aram P. Megerian, Esquire, attorney for HCR Manorcare.

2.    Fed. R. Civ. P. 26(a)(1), as amended, effective December 1, 2000, Pre-Discovery Initial Disclosures:

The parties have exchanged initial disclosures as required by Fed. R. Civ. P. 26(a)(1). The information exchanged consists of the information specified in said Rule.

3.    **Discovery Plan - Plaintiff**: The parties jointly propose the following Plaintiffs discovery plan:

    a.    **Plaintiff's Planned Discovery**: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

        (1)    **Requests for Admission**: Plaintiff plans to utilize requests for admissions to obtain agreement on matters which are disclosed or discovered in the course of discovery which should be undisputed by the Defendant. These matters include, but are not limited to, the authenticity of documents.

Number of Requests for Admission: Defendants may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

        (2)    **Written Interrogatories**: Plaintiffs anticipates the use of interrogatories to obtain discovery regarding all claims asserted by the Plaintiff in the

COLE, SCOTT & KISSANE, P.A.

CASE NO.: 8:03-CV-1656-T-27MAP

Complaint, the Defendant's Affirmative Defenses raised in the Answer and such other matters which are disclosed or discovered in the course of discovery.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

(3) <u>Requests for Production or Inspection</u>: Plaintiff anticipates the use of requests for the production or inspection of documents to obtain discovery regarding all claims asserted in the Complaint, the Defendant's Affirmative Defenses raised in the Answer and such other matters which are disclosed or discovered in the course of discovery.

(4) <u>Oral Depositions</u>: Plaintiff plans to use oral depositions as part of its discovery. It is presently expected that Plaintiff shall use no more than ten (10) oral depositions in preparation of its case.

Number of Depositions: Local Rule 3.02(b) provides "[I]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

Time permitted for Each Deposition, in accordance with Fed. R. Civ. P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due on **January 31, 2005.**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

> As soon as practicable after the Party learns the prior information disclosed or provided through discovery was incomplete or incorrect and the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing.

d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or about **April 14, 2005.**

-2-
COLE, SCOTT & KISSANE, P.A.

CASE NO.: 8:03-CV-1656-T-27MAP

4. <u>Discovery Plan - Defendant(s)</u>: The parties jointly propose the following Defendant's discovery plan:

a. A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Request for Admission</u>: Defendant plans to utilize requests for admissions to obtain agreement on matters which are disclosed or discovered in the course of discovery which should be undisputed by the Plaintiff.

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

(2) <u>Written Interrogatories</u>: Defendant anticipates the use of interrogatories to obtain discovery regarding all claims asserted by the Plaintiff's in the Complaint, the Defendant's Affirmative Defenses raised in the Answer and such other matters which are disclosed or discovered in the course of discovery.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

(3) <u>Requests for Production or Inspection</u>: Defendant anticipates the use of requests for the production or inspection of documents to obtain discovery regarding all claims asserted in the Complaint, the Defendant's Affirmative Defenses raised in the Answer and such other matters which are disclosed or discovered in the course of discovery.

(4) <u>Oral Depositions</u>: Defendant plans to use oral depositions as part of its discovery. It is presently expected that Defendant shall use no more than ten (10) oral depositions in preparation of its case.

Number of Depositions: Local Rule 3.02(b) provides "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

Time permitted for Each Deposition, in accordance with Fed. R. Civ. P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

CASE NO.: 8:03-CV-1656-T-27MAP

  b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due on **February 28, 2005**.

  c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

> As soon as practicable after the Party learns the prior information disclosed or provided through discovery was incomplete or incorrect and the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing.

  d. <u>Completion of Discovery</u>: Defendant will commence discovery in time for it to be completed on or about **April 14, 2005**.

  5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (e.g. handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

  6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven (11) days after the filing of the Case Management Report. Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates. Pursuant to Fed. R. Civ. P. 26(a)(1), as amended, effective December 1, 2000, any objection as the appropriateness of required Initial Disclosures shall be recorded in the Case Management Report.

  7. <u>Third Party Claims, Joinder of the Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be on or before **February 28, 2005** and motions for summary judgment, and all other potentially dispositive motions should be heard on or before **April 29, 2005**.

  8. <u>Settlement and Alternative Dispute Resolution</u>:

  a. <u>Settlement</u>: Parties agree that the potential for settlement is unknown at this time.

  b. <u>Mediation</u>: The court will likely refer the case to Court-Annexed Mediation pursuant to Rule 9, Local Rules, M.D. Fla. In order to give the parties an opportunity to express their views regarding the timing of such mediation, as well as a preference for the Certified Mediator (to be selected from the Court's List of Certified Mediators), the parties may file, within thirty (30) days from the date of filing this CMR a notice (either jointly or

-4-
COLE, SCOTT & KISSANE, P.A.
BRIDGEPORT CENTER - SUITE 750

CASE NO.: 8:03-CV-1656-T-27MAP

individually) indicating a preference for the approximate date of the mediation conference and the name(s) of suggested Certified Mediators. *In the absence of such notice, the Court will select and appoint the Certified Mediator and will likely require that the mediation conference be held sixty (60) days prior to the final pretrial conference.*

9. Parties do not agree to consent to arbitration presided over by United States Magistrate Judge.

*If yes, the parties shall complete and all counsel and/or unrepresented parties shall execute on the Form AO-85 attached hereto (through the portion for "Consent"- all signatures together on one form); submit the same to the Clerk, and the Court will promptly thereafter enter the "Order of Reference" portion and file the same in the record hereof.*

10. Preliminary Pretrial Conference: Track Two cases: Parties do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.

11. Final Pretrial Conference and Trial: Parties agree that they will be ready for a final pretrial conference on or after **May 26, 2005**, and for trial on or after **June 23, 2005**.

This (check one): Jury trial is expected to take approximately five to seven days.

12. Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirement in Local Rule 3.06.

Other Matters (If any): None.

Respectfully submitted:

Date: 10/5/04

Robert E. Taylor, Jr., Esquire
Florida Bar No.: 0943071
609 West Azeele Street
Tampa, FL 33606
Telephone: 813-254-1712
Facsimile: 813-258-1344
Attorney for Plaintiff

-5-
COLE, SCOTT & KISSANE, P.A.

CASE NO.: 8:03-CV-1656-T-27MAP

Date: 10-5-04

Aram P. Megerian, Esq.
Florida Bar No.: 0057983
Cole, Scott & Kissane, P.A.
Bridgeport Center, Suite 750
5201 West Kennedy Blvd.
Tampa, FL 33609
Telephone: (813) 289-9300
Facsimile: (813) 286-2900
Attorneys for Defendant

L:\2100-0335-00\P\Case Management Report - 3.wpd

-6-
COLE, SCOTT & KISSANE, P.A.
BRIDGEPORT CENTER SUITE 750 5201 WEST KENNEDY BOULEVARD TAMPA FLORIDA 33609 (813) 289-9300 (813) 286-2900
TOTAL P.07

RECEIVED TIME OCT 5 12:18PM          PRINT TIME OCT 5 12:22PM